UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RICHARD MAXWELL,

                                              Plaintiff,

                          -vs-                                         13-CV-849-JTC

FANELLI & ASSOCIATES, LLC, and
ANDREW DAVID FANELLI,

                                              Defendants.

## INTRODUCTION

On August 22, 2013, plaintiff Richard Maxwell filed a complaint alleging various violations of the Fair Debt Collection Practices Act ("FDCPA" or "Act"), 15 U.S.C. § 1692, *et seq.* Defendants, Fanelli & Associates, LLC, and Andrew David Fanelli, failed to appear and defend this action, which resulted in entry of default by the Clerk of the Court, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, on June 13, 2014. Item 9. Presently before the court is plaintiff's motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(2). Item 10. For the following reasons, plaintiff's motion is granted.

## DISCUSSION

**1.**    **Default Judgment Standard**

Before obtaining default judgment, a party must first secure a Clerk's entry of default by demonstrating, by affidavit or otherwise, that the opposing party is in default. Fed. R. Civ. P. 55(a). Once default has been entered, the allegations of the complaint establishing the defendant's liability are accepted as true, except for those relating to the amount of

damages. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 506 U.S. 1080 (1993).

In considering whether to enter default judgment, the court must determine whether the facts alleged in the complaint are sufficient to state a claim for relief as to each cause of action for which the plaintiff seeks default judgment. Further, where the damages sought are not for a sum certain, the court must determine the propriety and amount of the default judgment. *See* Fed. R. Civ. P. 55(b)(2). Damages must be established by proof, unless the damages are liquidated or "susceptible of mathematical computation." *Flaks v. Koegel,* 504 F.2d 702, 707 (2d Cir. 1974). All reasonable inferences from the evidence presented are drawn in the moving party's favor. *See Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981).

**2.     Liability**

As set forth in the complaint, the facts are relatively straightforward. At all times relative to the claims asserted, defendants Fanelli & Associates, LLC, and Andrew David Fanelli, were acting in the capacity of a business entity or person engaged in the business of debt collection, within the meaning of 15 U.S.C. § 1692a(6) (definition of "debt collector"). Plaintiff alleges that, on multiple occasions in April and May 2013, defendants contacted plaintiff and members of plaintiff's family attempting to collect a debt incurred as a result of plaintiff's alleged default on a "payday loan" taken out through Rent-A-Center, and threatening legal action, in violation of a number of the provisions of the FDCPA.[1]

---

[1] Specifically, plaintiff alleges that defendants' debt collection activity violated sections 1692b(2) (prohibiting communications with persons other than the consumer stating that the consumer owes a debt); 1692c(b) (prohibiting communications in connection with the collection of a debt with persons other

Accordingly, for the purposes of this motion, plaintiff has sufficiently alleged facts to establish defendant's liability under the FDCPA.

**3.     Damages**

Section 1692k(a)(2)(A) authorizes the court to award up to $1,000 in statutory damages per plaintiff for any violation of the FDCPA. The specific amount of statutory damages, not to exceed $1,000, falls within the court's discretion. *See Savino v. Computer Credit, Inc.*, 164 F.3d 81, 86 (2d Cir. 1998). Factors to be considered by the court in determining an appropriate statutory damages award include the frequency, persistence, and nature of the debt collector's noncompliance with the Act; the debt collector's resources; the number of individuals adversely affected; and the extent to which the debt collector's non-compliance was intentional. *See* 15 U.S.C. § 1692k(b)(1). Awards of the $1,000 statutory maximum are typically reserved for cases where the defendants' violations are "particularly egregious or intimidating." *Cordero v. Collection Co.,* 2012 WL 1118210, *2 (E.D.N.Y. Apr. 3, 2012).

By virtue of the entry of default, defendant is deemed to have admitted the well-pleaded allegations of the complaint (including, among other things, contacting plaintiff's mother and plaintiff's wife and informing them that plaintiff faced charges of check fraud). However, considering the relative infrequency of pleaded instances of noncompliance (five telephone calls during a two-month period), the limited number of individuals adversely

---

than the consumer); 1692d (prohibiting engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt); 1692e(11) (prohibiting the use of false, deceptive, or misleading representation or means in connection with the collection of a debt); 1692f (prohibiting the use of unfair or unconscionable means to collect or attempt to collect a debt); and 1692g(a) (requiring proper written notice within five days of the initial communication).

affected (three), and the absence of any further information regarding the debt collector's resources or intent, the court finds that these violations of the FDCPA do not amount to the level of "particularly egregious or intimidating" conduct warranting an award of maximum statutory damages. The court therefore awards plaintiff a total of $500.00 in statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A). *See Hance v. Premier Recovery Group, Inc.*, 2013 WL 85068, *2 (W.D.N.Y. Jan. 7, 2013) (awarding $500 in statutory damages where defendant called plaintiff's home on a number of occasions, totaling more than 20 times per month); *Fajer v. Kaufman, Burns & Assocs.*, 2011 WL 334311, *3 (W.D.N.Y. Jan. 28, 2011) (awarding $500 where defendant made numerous calls to home and workplace and made empty threats of litigation); *see also Bonafede v. Advanced Credit Solutions*, LLC, 2012 WL 400789, *3 (W.D.N.Y. Feb. 7, 2012) (finding demand of $1,000 "excessive" where plaintiff presented no evidence that communications with collector were persistent).

4. **Attorneys' Fees and Costs**

The FDCPA also provides for the recovery of reasonable attorney's fees and costs by successful litigants. *See* 15 U.S.C. § 1692k(a)(3) (permitting recovery of, "in the case of any successful motion to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court"). In determining a reasonable fee, district courts should set a reasonable hourly rate, bearing in mind case-specific variables, and then use the reasonable hourly rate to calculate a "presumptively reasonable fee." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2008). There is a presumption in favor of the hourly rates employed in the district in which the case is litigated. *Simmons v. New York City Transit*

*Auth.*, 575 F.3d 170, 174–75 (2d Cir. 2009). Thus, the court must consider the prevailing market rate in the Western District of New York for "similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n. 11 (1984).

Here, plaintiff's counsel has submitted a declaration documenting a total of 10.2 hours of work on the case for which compensation is sought, including a combined 7.7 hours by four attorneys at various hourly rates, and 2.5 hours by a paralegal. Three experienced attorneys worked a combined 4.1 hours on the case, charging $350/hr., $325/hr., and $300/hr., respectively; and one attorney admitted in 2014 worked 3.6 hours on the case, charging $225/hr. The hourly rate charged for paralegal work is $135. *See* Item 10-1.

The court finds the number of attorney hours expended on the case to be reasonable, but the requested hourly rates excessive, compared to the prevailing market rates in this district for FDCPA cases. *See, e.g., Ortez v. First Asset Recovery Group, LLC*, 2014 WL 1338835, at *3 (W.D.N.Y. Apr. 2, 2014) (granting motion for default judgment and awarding fees at hourly rates of $250 for experienced attorneys, $175 for newer attorneys, and $75 for paralegal staff); *Carbin v. Northern Resolution Group, LLC*, 2013 WL 4779231, at *3 (W.D.N.Y. Sept. 5, 2013) (same); *Halecki v. Empire Portfolios, Inc.*, 952 F. Supp. 2d 519, 521-22 (W.D.N.Y. 2013) (awarding hourly rate of $250 for experienced attorney, $140 for new attorney); *Hance*, 2013 WL 85068, at *2 (awarding hourly rate of $225 for experienced attorney, $200 for newer attorney, and $50 for paralegal staff).

Based upon its review of these and other FDCPA cases litigated in the Western District of New York, the court finds that the prevailing local hourly rates of $250 for experienced attorneys, $175 for the attorney admitted to practice in 2014, and $75 for paralegal staff, provide a reasonable basis for calculation of the award of fees in this case. Accordingly, the court awards attorneys' fees as follows:

```
4.1 hrs. @ $250.00  =     $1025.00
3.6 hrs. @ $175.00  =       630.00
2.5 hrs. @ $ 75.00  =       187.50
Total               =     $1842.50
```

The court also grants plaintiff's request for an award of the $400.00 filing fee as recoverable costs.

## **CONCLUSION**

Based on the foregoing, plaintiff's motion for default judgment (Item 8) is GRANTED. Plaintiff is awarded $500.00 for defendant's violations of the FDCPA, $1842.50 in attorney's fees, and $400.00 in costs.

The Clerk of the Court is directed to enter judgment accordingly, and to close this case.

So Ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated: July 30, 2014